Board of Supervisors of Grenada County *v.* King.

[76 South. 543, Division B.]

Clerks of Courts. *Compensation. Copy of tax assessments.*

Under Code 1906, section 2175, declaring that the board of supervisors may allow the clerk reasonable compensation for making copies of assessment rolls, not to exceed one cent for each separate assessment of lands per copy but the board may allow as much as fifty dollars in any case for copying the personal roll and under section 4384, requiring the state Railroads Commissioners to assess property of railroads, telegraph, telephones, sleeping car and express companies and section 4387, providing that in each year the commission shall make out for each county having any such property an assessment roll of such property therein and assess both real and personal property, and that the form of such assessment shall be transmitted to the clerk and under section 4390 requiring the clerk to make copies but making no provisions for compensation, the clerk's compensation is governed by section 2175, and in a suit by the board of superivisors against its clerk for over payments made him for such service, the board cannot recover unless it specifies in its declaration what companies were assessed in the county by the railroad commission and the number of such assessments and the amount that was properly allowed the clerk.

Appeal from the chancery court of Grenada county. Hon. J. G. McGowen, Chancellor.

Suit by the Board of Supervisors of Grenanda County against John S. King. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*W. M. Mitchel,* for appellant.

The questions presented by this record are, first, did the board of supervisors have any authority of law for allowing its clerk compensation (other than and besides that authorized to be allowed for *ex officio* service under paragraph (Z) of section 4390, Code 1906, not exceeding two hundred dollars per annum for services not specifically provided for); and second, if so, did they exceed their authority in making the allowances complained of in appellants' bill? For if they had no such authority, or, if, having it, they exceeded the limits fixed by law, then it is well settled that the county can recover this amount so illegally allowed by former boards of supervisors.. *Supervisors* v. *Klein,* 51 Miss. 816; *Jefferson Co.* v. *Grafton,* 74 Miss. ——.

If the allowances made to appellee were authorized at all by section 2175, Code 190, which we deny, it certainly did not authorize the amounts allowed by the boards to appellants in this instance for making the copies of the railroad assessment rolls, since this section limits the amounts to be allowed to "one cent for each personal assessment or (and) two cents for each separate assessments of lands per copy;" and hence the chancellor should have referred the case to a master to take and state an account and determine the true amount due the clerk for making these railroad assessment rolls, since it was charged in the bill and not denied that the amounts allowed him were greater than was authorized by said section 2175. *Supervisors* v. *Klein, supra.*

But we take the position that section 2175 has reference exclusively to and provides compensation for making copies of the regular assessment rolls filed by the county assessor alone, and by its very terms excludes the implication that it embraces the railroad assessment rolls, which are prepared by and under the direction of the state railroad commission and embrace both personal and real estate assessments, and even includes lands which are also included. in the tax assessor's roll, and if he is entitled to claim for making copies of the roll, under section 2175, it would result in a contradiction of the terms of said section.

The fact that the case was set down for hearing upon bill and answer before the time expired for taking testimony cannot be taken advantage of in this case for several reasons. Appellee waived citation, entered his appearance, and filed his answer, and proceeded to permit the case to be set down and heard without any objection being made thereto, but presumably, at least, agreed that this might be done; otherwise the case would not have been heard at the time it was by the chancellor, and hence he cannot now complain that it was heard prematurely. *Hart* v. *Bloomfield,* 66 Miss. 100.

It does not appear from the record at whose instance the case was set down for hearing and hence the rule providing that when the complainant set down the cause for hearing before the expiration of the time for taking testimony, the answer shall be taken as true, does not apply in this case. See *Austin Clothing Co. et al.* v. *Posey,* 105 Miss. 720.

The answer of the appellee was not sworn to, and hence was not proof for defendant, and would not have been, even if answer under oath had been waived, which was not the case in this instance. Section 585, Code 1906, and cases there cited. At most therefore, appellee's answer amounted to no more than a demurrer to the sufficiency of the bill, and the chancellor erred in holding that it was to be considered as evidence for appellant in this cause.

The only question, therefore, we submit, which this record presented for decision, was as to whether or not there was any authority of law for the allowance made to appellee by the board of supervisors for making the several copies of the railroad assessment rolls, as set out in appellants' bill and, the only effect which the dismissal of appellants' bill had, or could have, was to determine that the allowances were authorized by law, and were not excessive under the provisions of the statue, as a matter of law; and we respectfully submit that this finding was erroneous and the case should be reversed and remanded.

*Cowles Horton,* for appellee.

The cases cited by counsel are not in point. In *Hart* v. *Bloomfield,* 66 Miss. 100, the defendant had set the case down for hearing before the time allowed the complainant for taking depositions had expired. The complainant did not object to this but allowed the case to be heard at this time, thereby waiving her rights in that regard. In case at bar, complainant set the case down on bill and answer, thereby admitting the allegations of the answer and presenting the sole question, which is, whether the board had the authority to allow the clerk any compensation at all. In the other case—*Clothing Co.* v. *Posey,* 105 Miss. 721—the court adhered, in the original opinion, to the well-settled rule in such matters, but, on the suggestion of error, reversed the case, for the reason that the allegations of the answer were affirmative matters, the burden of providing which was on the defendant. Neither of these cases affect in anywise the case at bar. Our answer contained no affirmative matter. It was never incumbent on defendant to prove that the compensation allowed him was reasonable, or that the board had not exceeded its authority, or that the board had performed its duty. The presumptions were all in favor of the defendant; the bur-

den of proof throughout—even if complainant could go behind this judgment at all, was on the complainant, and. had the court below rendered a decree reducing this allowance or granting the complainant any relief at all, it would have done so arbitrarily and against every legal presumption which the law throws about the conduct of its public officals. The fact is that the compensation was reasonable. Had it not been, the board would never have allowed it. But even not, we confidently ask the court upon what portion of this record can it hold otherwise? Where is the showing that it is unreasonable or excessive? Is it not presumed otherwise? Do not the complainant's admission of the correctness of the answer make that presumption a conclusive one in the case at bar? Will the court switch the presumption and hold that complainant must recover unless defendant proves that his compensation was not unreasonable and not excesive. If so, then we shall overrule all the cases on the subject, too numerous to cite.

As finally stated by appellant, there is only one question involved and that is, whether the clerk was entitled to anything for his service. If he was, the case is bound to be affirmed; if he was not, then reversal must follow, because and only because the board was without jurisdiction to allow anything. The statutes cited settle the question plainly and the case should be affirmed.

Etheridge, J., delivered the opinion of the court.

The board of supervisors of Grenada county filed suit against John S. King alleging that King was the duly and legally elected and acting chancery clerk of Grenada county from the first Monday of January, 1908, to the first Monday of January, 1916, and that while so acting as clerk he filed a claim with the board of supervisors for services in making a copy of the tax assessment rolls filed with him by the Railroad Commission; that on. these claims he was allowed on October 5, 1908, thirty

dollars, October 4, 1909, thirty dollars, November 7, 1910, fifty dollars, November 6, 1911, fifty dollars, November 5, 1912, thirty dollars, and November 3, 1914, thirty dollars, making a total of two hundred and twenty dollars. It is alleged that these allowances are illegal and void and were accepted and retained by King as chancery clerk without authority of law, and demand is made for judgment for said sum with six per cent. interest thereon, making a total of two hundred and ninety dollars. It is further alleged that the only compensation allowed the clerk for this service was two hundred dollars per annum for services *ex officio,* but if mistaken in this that the allowance was excessive, and that said King is due the county .the difference between the lawful amount and said two hundred and ninety dollars. The bill does not allege what amount would be lawful or proper in this case the clerk was allcwed compensation for this work under section 2175 of the Code. The defendant answered the bill, denying that the allowance was unlawful; and that he was not entitled to the compensation; but neither the bill nor the answer discloses what would be due the clerk under section 2175 of the Code, if this compension is to be allowed under that section. The case was set down on bill and answer, and decree was for the defendant. Section 2175 of the Code reads as follows:

"The board of supervisors may allow to the clerk reasonable compensation, to be paid out of the county treasury, for making the copies of assessment rolls required by law, not to exceed one cent for each personal assessment, or two cents for each separate assessment of lands per copy; but the board of supervisors may allow as much as fifty dollars in any case for copying the personal roll."

Section 4384 requires the state Railroad Commission. to assess property of railroad, telegraph, telephones, sleeping car, and express companies, and section 4387 provides that in each year the Railroad Commission shall make out for each county having any railroad, telegraph,

telephone, sleeping car or palace car or dining car, or express company property therein an assessment roll of such property, and to assess both real and personal property, and that they may prescribe the form of such assessment which shall be as nearly in conformity to ordinary assessment rolls as is convenient and practicable and to note on each roll the property of such companies in cities, towns, villages, separate school destricts, or levee district, and after said assessments are made final by the Railroad Commission the assessment is to be sent to the counties to the clerk of the board of supervisors who is required by section 4390 to make two copies of said assessment roll as of other assessment rolls and to dispose of them as provided by law in the case of general assessment rolls and perform all duties required of him in such cases. Section 4307 of the Code provides that the clerk shall make two copies of each of the regular assessment rolls, but nothing is said in either section as to compensation for such work. Section 2175 is a general section, and applies, in our judgment, to each of said rolls, and clerk's compensation is to be determined by the number of separate assessments on each roll, taking the rolls made by the tax assessor and the rolls made by the Railroad Commission as a whole. It follows that the complainant not having specified in its declaration what companies were assessed in Grenada county by the Railroad Commission, nor the number of such assessments, and not otherwise having specified the amount that was properly allowable, that it was not entitled to judgment, and the judgment of the court below is affirmed

*Affirmed.*